869 F.2d 1494
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William WASHINGTON, Sr., Plaintiff-Appellant,
v.
Charles J. SAUTTER, Defendant-Appellee.
 No. 88-1643.
 United States Court of Appeals, Sixth Circuit.
 Feb. 3, 1989.
 
 Before MERRITT and MILBURN, Circuit Judges and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 William Washington appeals the district court's order dismissing his cause of action filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, Washington sued his court appointed appellate attorney alleging that his counsel's ineffectiveness deprived him of constitutional guarantees. The district court dismissed the action pursuant to Fed.R.Civ.P. 12(b)(6). The court held that under these circumstances, a private court appointed attorney is immune from suit for monetary damages under 42 U.S.C. Sec. 1983.
 
 
 3
 Upon review, we affirm the district court's order of dismissal. Under 42 U.S.C. Sec. 1983, a plaintiff must allege 1) that he was deprived of a right secured by the Federal Constitution or laws of the United States, and 2) that the deprivation was caused under color of state law. Parratt v. Taylor, 451 U.S. 527, 535 (1981); Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978). Absent either element, a claim will not be stated.
 
 
 4
 Plaintiff fails to state a claim upon which relief can be granted because an attorney who serves in the capacity of public defender and who is acting within the traditional function of counsel in a criminal proceeding is not acting under color of state law. Polk County v. Dodson, 454 U.S. 312 (1981); Black v. Bayer, 672 F.2d 309 (3d Cir.), cert. denied, 459 U.S. 916 (1982).
 
 
 5
 Accordingly, we hereby affirm the district court's order of dismissal dated May 20, 1988, pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.